944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey CAMPBELL, Defendant-Appellant.
 No. 90-4058.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1991.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 Jeffrey Campbell appeals the sentencing order issued by the district court following his plea of guilty, pursuant to a plea agreement, to a charge of conspiracy to distribute in excess of five grams of "crack" cocaine and approximately 160 grams of cocaine. On appeal Campbell argues that his sentence should be vacated and remanded to the district court because the United States failed to fulfill the plea agreement. We disagree, and for the following reasons affirm the judgment of the district court.
 
 
 2
 Campbell entered into a plea agreement under which he agreed to plead guilty to one count of conspiracy to distribute crack and approximately 160 grams of cocaine, a crime that given Campbell's criminal history could result in 168 to 210 months imprisonment. In return, the United States agreed to drop all other charges against Campbell, including the use of a firearm in relation to a drug offense, and to request a downward departure from the guidelines because of Campbell's substantial assistance in gathering information about other crimes.
 
 
 3
 The plea agreement executed by the parties provided:
 
 
 4
 Prior to the time of sentencing, the United States will make known to the District Court through the United States Probation Office the full extent and nature of JEFFREY CAMPBELL'S cooperation.
 
 
 5
 The agreement further contained the following stipulation:
 
 
 6
 Jeffrey Campbell has provided substantial assistance to the United States and pursuant to § 5K1.1 the United States recommends a downward departure from the Guidelines.
 
 
 7
 These provisions were contained in the presentence report. At sentencing the Assistant United States Attorney informed the district court that:
 
 
 8
 Mr. Campbell has cooperated with the authorities in New York. And he was instrumental in the conviction of a drug dealer in that area. He has also evidenced a willingness to cooperate with the authorities in an additional operation in the New York area, but it is too early to tell how productive that case might be, but he has showed a willingness and there is some indication that he could provide some valuable assistance to the authorities in the New York area.
 
 
 9
 Based on this information the district court made an eight level downward departure, from level 34 to level 26, to compensate Campbell for his cooperation. That downward departure reduced Campbell's guideline range from 168 to 210 months, to 92 to 115 months. Campbell was sentenced to 92 months.
 
 
 10
 Campbell now argues that his sentence should be vacated and remanded because the United States failed to fully disclose the nature and extent of his cooperation. We find this argument to be disingenuous. The record reflects that the United States fully apprised the district court of Campbell's aid. Indeed, in its sentencing memorandum the district court stated:
 
 
 11
 The Government has indicated that the defendant has provided substantial assistance and is requesting a downward departure pursuant to § 5K1.1. It did not request a specific departure point. Based on the Government's request and its representation that the defendant has provided substantial assistance to the Government in the prosecution of other defendants, the Court finds that a downward departure is justified in this case and departs from an offense level 34 to an offense level of 26. A sentence in this range will reward the defendant for his assistance, but will also satisfy the statutory purposes of sentencing, including the need to reflect the seriousness of the offense, promote respect for the law, and provide a just punishment for the defendant's involvement in the instant offense. Accordingly, the court establishes 26 as the total offense level, IV as the criminal history category and 92 to 115 months as the sentencing range.
 
 
 12
 For these reasons we find the United States fully complied with the terms of the plea agreement, and therefore affirm the judgment of the district court.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation